UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William M. Wolffe, | ) | C/A No. 9:12-2907-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Does 1-10, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Plaintiff William M. Wolffe, proceeding *pro se* and *in forma pauperis*, brings this action alleging a violation of his constitutional rights. ECF No. 1. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth herein below that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff's pleading, written in letter form, alleges constitutional injury by ten unidentified defendants. ECF No. 1. The pleading seeks three million dollars in damages and the appointment of counsel. *Id.* Plaintiff failed to provide sufficient factual information in the pleadings for initial review, and failed to submit the service documents necessary to advance this case. Therefore, the undersigned issued an order, on October 22, 2012, directing Plaintiff to bring this case into proper form by submitting a standard complaint form, service documents, and Plaintiff's answers to the Court's interrogatories pursuant to Local Civil Rule 26.01 DSC. ECF No. 6.

In response to the Court's order, Plaintiff submitted letters stating he is in "absolute protest" of the proper form order's requirements. ECF No.'s 9, 10. Plaintiff claims that the order constitutes a prejudicial attempt to solicit Plaintiff's waiver of "rights to statute law clearly against [his] will." ECF No. 10, page 1. Plaintiff requests appointment of counsel, ECF No. 9, and recusal of the Magistrate Judge. ECF No. 10, page 1. Plaintiff also filed a letter, which has been construed as a Motion to Appoint Counsel, which states that Plaintiff is eighty years old and does not "understand how to proceed in representing [himself] properly before this Court." ECF No. 11. Plaintiff further claims that he lives "225 miles round trip" from the federal court in Charleston, South Carolina. *Id.*

Discussion

Plaintiff's initial pleading alleges constitutional injury by the defendants, ECF No. 1. Correspondence, submitted by Plaintiff in response to the Court's order, alleges that "John Does 1-10 have trespassed and knowingly and intentionally . . . infringed my rights while acting under the color of law to my detriment of injuries." ECF No. 10, page 2. Thus, Plaintiff's claims are brought



2

pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Key v. Miano*, C/A No. 1:11-1613-DCN-SVH, 2012 WL 2263352 at *2 (D.S.C. Jun. 15, 2012); *Jones v. McNair*, C/A No. 3:11-3347-RBH-PJG, 2011 WL 7070524 at *2 (D.S.C. Dec. 22, 2011).

The pleadings in the present case fail to identify the defendants, or provide any specific factual information regarding how the defendants violated Plaintiff's constitutional rights. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court held:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). Although a court must liberally construe a *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint



3

dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Because Plaintiff's pleadings provide no factual support for his conclusory allegations against the unidentified defendants, this case is subject to summary dismissal.

In addition, Plaintiff has failed to comply with an order of this Court. It is well established that this Court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may dismiss a case pursuant to the Federal Rules of Civil Procedure for failure to prosecute, or "comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Thus, Plaintiff's case is also subject to summary dismissal for failure to bring the action into proper form.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint *without prejudice* and without service of process.

December 7, 2012
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

